UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-308-H

RACHEL JEWELL,                                                                  PLAINTIFF

V.

SANTANDER CONSUMER INC., USA                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Rachel Jewell, brought this action in Nelson Circuit Court asserting the following state law claims: violations of the Kentucky Consumer Protection Act, conversion, unjust enrichment, and libel. Defendant, Santander Consumer USA, Inc., removed to federal court under 28 U.S.C. § 1441. Now before the Court is Defendant's motion for partial dismissal on the unjust enrichment and libel claims.[1]

Defendant asserts that the existence of an express contract is fatal to Plaintiff's unjust enrichment claim. Plaintiff does not contest this principle of law, but requested that Defendant produce a copy of the assignment to prove that Defendant is contractually bound. Defendant has since submitted a copy of the assignment by which it assumed all of the rights and responsibilities under the contract. Accordingly, the Court grants Defendant's motion to dismiss the unjust enrichment claim.

Plaintiff suggests that with the dismissal of her libel and unjust enrichment counts, the amount in controversy between the parties is less than $75,000, thereby depriving this Court of diversity jurisdiction over the case. The Supreme Court, the Sixth Circuit, and this Court have

---

[1] Plaintiff concedes that Defendant's motion to dismiss her libel claim is well stated and that dismissal is proper. For this reason, the Court will dismiss Plaintiff's libel claim.

held that "'the general principle [is] that jurisdiction once properly invoked is not lost by developments after a suit is filed[.]'" *Long v. Dick's Sporting Goods, Inc.*, 2010 WL 2044524, at *2 (W.D. Ky. May 21, 2010); *see also King v. Household Finance Corp.*, 593 F. Supp. 2d 958, 961 (E.D. Ky. Jan. 16, 2009) ('[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction.'") (internal citations omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938) ("If the plaintiff could, . . . reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."). Thus, this Court's post-removal dismissal of Plaintiff's libel and unjust enrichment claims does not deprive it of diversity jurisdiction because federal jurisdiction existed at the time of removal.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is SUSTAINED as to Plaintiff's unjust enrichment claim and libel claim.

cc: Counsel of Record